UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES SCOUTEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MNL-FTS, LLC, a Missouri limited ) <br> liability company, formerly know as ) <br> MY NEUROLAB.COM, LLC, ) <br> ) <br> Defendant. ) | No. 09 C 7387 <br><br> Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Charles Scouten ("Plaintiff"), filed his complaint in the Circuit Court of DuPage County against MNL-FTS, LLC ("Defendant") alleging that "contrary to proper and customary accounting principles, [Defendant] knowingly and intentionally misallocated material items of its income and expenses" and "entered those improper allocations into its accounting records." (R. 1, Notice of Removal, Ex. A, Compl. at 1.) On November 24, 2009, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(a). (R. 1, Notice of Removal.) Presently before the Court is Plaintiff's motion to remand. (R. 9, Mot. to Remand.) For the reasons stated below, Plaintiff's motion is denied.

## RELEVANT FACTS

Defendant is a Missouri limited liability company, formerly known as My Neurolab.com, LLC, that sells biomedical research instruments. (R. 1, Notice of Removal, Ex. A, Compl. ¶ 5(a).) Plaintiff, an Illinois resident, was employed by Defendant from November 20, 2000 until May 14, 2008. (*Id.* ¶ 6.) He was responsible for inventing, identifying, and supervising the

1

manufacture of Defendant's products. (*Id.*)

The terms and conditions of Plaintiff's employment were set forth in a written employment agreement (the "Agreement"). (*Id.* ¶ 11.) Under the Equity Buyback provision of the Agreement, if Plaintiff was terminated without cause, Defendant would repurchase at fair market value any equity interest Plaintiff held in the company or any other related entity. (R. 1, Notice of Removal, Ex. 1, Agreement ¶ 4.4.) "Fair market value" was defined as "five (5) times the average net income of [Defendant] (or such other related entity, as the case may be) for the past three (3) fiscal years." (*Id.*) "Net income" was defined as Defendant's "operating income without considering adjustments for payments made to any related entity as a result of excessive corporate overhead allocations." (*Id.*) The Agreement also provided that "[i]n the event of any disagreement with respect to such payments/allocations, a mutually agreeable third party accountant shall review the books of said company and determine whether the proposed expense is appropriate under the terms hereof." (*Id.*) Further, the Agreement was to be governed by Missouri law and provided that if it became necessary for any of the parties to employ an attorney to enforce its terms, the prevailing party in any such action or proceeding shall be entitled to recover costs or attorneys fees. (R. 1, Notice of Removal, Ex. A, Compl. ¶¶ 45, 48.)

On May 14, 2008, Defendant terminated Plaintiff's employment in a written letter that acknowledged Defendant's obligation under the Equity Buyback provision. (*Id.*, Ex.¶¶ 13, 15.) On November 10, 2008, Defendant delivered its accounting records to Plaintiff and informed him that the company would pay him $16,573 for his equity interest based on the company's average net income. (*Id.* ¶¶ 26-27.) Plaintiff alleges that Defendant "entered [i]mproper [a]llocations into its accounting and bookkeeping records" which "materially understate its true

2

net income." (*Id.* ¶¶ 22-24.) In Plaintiff's view, the actual amount he is owed "based on [Defendant]'s true average net income is at least $1,638,883." (*Id.* ¶ 28.)

On October 5, 2009, Plaintiff filed his complaint in the Circuit Court of DuPage County. (R. 1, Notice of Removal, Ex. A, Compl.) As relief, Plaintiff seeks the following: (1) an order directing Defendant to provide him with an accounting sufficient to enable him "to determine the true amount [of his] equity interest"; (2) an order to declare that either the conditions under the Equity Buyback provision for a review by a third party accountant "have not arisen" or that such a review "would fail [] its essential purpose, and is therefore [] not required"; and (3) an order requiring Defendant to pay him $1,638,883 for his equity interest "or such larger amount as proven at trial" and his reasonable attorney's fees. (*Id.* ¶ 48.) On November 24, 2009, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(a). (R. 1, Notice of Removal ¶ 4.) Subsequently, on December 23, 2009, Plaintiff moved to remand the case back to the Circuit Court of DuPage County. (R. 9, Mot. for Remand.)

## LEGAL STANDARD

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *see also Meridian Sec. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) ("a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence").

3

"In considering a motion for remand, the court must examine the plaintiffs' complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Sheridan v. Flynn*, No. 03C5170, 2003 U.S. Dist. LEXIS 17440, at *8 (N.D. Ill. Sept. 30, 2003).

## ANALYSIS

In this case, Plaintiff does not contest the Court's diversity jurisdiction,[1] but instead argues that under the *Wilton/Brillhart* abstention doctrine, "the Court should abstain from exercising jurisdiction over this lawsuit." (R. 9, Mot. to Remand at 10.) Pursuant to the *Wilton/Brillhart* abstention doctrine, a district court may dismiss or stay claims brought under the federal Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201, even though it has subject matter jurisdiction over such claims. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942). Plaintiff claims that because this action was removed to federal court, his state law claim for a declaratory judgment is converted to a claim under the Act. (R. 9, Mot. to Remand ¶ 9.)

As an initial matter, Plaintiff's complaint does not explicitly invoke the Missouri Declaratory Judgment Act, Mo. Rev. Stat. § 527.010. (*See* R. 1, Notice of Removal, Ex. A, Compl.) The complaint is difficult to understand, but appears to present a substantive claim under Missouri law that addresses the rights of members in limited liability companies.[2] (*See id.*

---

[1] The Court is also satisfied that Defendant has met its burden of establishing federal jurisdiction.

[2] The Court notes that page 11 of the complaint, containing paragraphs 38-45, is completely missing from both the Notice of Removal and the Motion to Remand. (*See id.*; Mot. to Remand, Ex. A, Compl.)

4

¶ 45 (citing Mo. Rev. Stat. § 347.091(2)).) Pursuant to the Missouri statute, each member is entitled to "obtain true and full information regarding the state of the business and financial condition of the limited liability company" and "an accounting of the affairs." Mo. Rev. Stat. § 347.091. However, even if the Court were to construe the relief Plaintiff seeks in the form of a declaration as a declaratory judgment claim, the test for this Court's discretionary abstention is not satisfied in this case.

Plaintiff relies on the Seventh Circuit's decision in *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009), where it addressed whether the *Wilton/Brillhart* standard applies when both declaratory and non-declaratory relief is sought, and if so, under what circumstances. (R. 9, Mot. to Remand ¶¶ 12-13.) In *R.R. Street & Co.*, the Seventh Circuit adopted the following test:

> Where state and federal proceedings are parallel and the federal suit contains claims for both declaratory and non-declaratory relief, the district court should determine whether the claims seeking non-declaratory relief are independent of the declaratory claim. If they are not, the court can exercise its discretion under *Wilton/Brillhart* and abstain from hearing the entire action. But if they are, the *Wilton/Brillhart* doctrine does not apply and, subject to the presence of exceptional circumstances [], the court must hear the independent non-declaratory claims. The district court then should retain the declaratory claim under *Wilton/Brillhart* (along with any dependent non-declaratory claims) in order to avoid piecemeal litigation.

*Id.* at 716-17. For the purposes of this test, a claim for non-declaratory relief may be considered "independent" of the claim for declaratory relief if: "1) it has its own federal subject-matter-jurisdictional basis, and 2) its viability is not wholly dependent upon the success of the declaratory claim." *Id.* at 717 n.6. Thus, "if, after factoring out the requested declaratory relief, there are no viable non-declaratory claims, then the district court may abstain from the entire action under *Wilton/Brillhart* without running afoul of its near-unwavering obligation to hear

5

claims within its jurisdiction." *Id.*

Ultimately in *R.R. Street & Co.*, the Seventh Circuit reversed the judgment of the district court and concluded that "the plaintiffs' claims for non-declaratory relief were independent of their claim for declaratory relief, and thus *Wilton/Brillhart* abstention was an inappropriate basis for dismissal . . . ." *Id.* at 717. This case necessitates the same conclusion. A judicial declaration is not a prerequisite to Plaintiff's claim that Defendant made improper allocations into its accounting and bookkeeping records. Accordingly, even if the alleged declaratory claim was dropped from the case, this Court would still have diversity jurisdiction over Plaintiff's claim seeking relief in the form of money damages. *See id.* ("the non-declaratory claims are independent of the declaratory claim because they could stand alone in federal court -- both jurisdictionally and substantively -- irrespective of the declaratory claim"). Moreover, the cases upon which Plaintiff relies, *Wilton*, *Brillhart*, and *R.R. Street,* are distinguished from the present action because each involved parallel cases pending in state and federal courts and there is no pending state court action in this case. *See Runk v. United Fire & Cas. Co.*, No. 4:09CV43, 2009 U.S. Dist. Lexis 93700, at *15 (N.D. Ind. Oct. 7, 2009) (finding *Brillhart* and *Wilton* "inapplicable" to the court's abstention analysis because the cases "presuppose the existence of a parallel state proceeding); *see also Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 394 (5th Cir. 2003) ("The absence of any pending related state litigation strengthens the argument against dismissal for the federal declaratory judgment claim.") *Fed. Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000) ("It is an abuse of discretion [] to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist."). Consequently, since Defendant has met its burden of establishing this Court's subject matter

jurisdiction and Plaintiff has presented no basis on which to remand this action, Plaintiff's motion is denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion (R. 9) is denied. Plaintiff is granted ninety days to file an amended complaint in this federal action. The parties are directed to reevaluate their settlement positions in light of this opinion and to exhaust all efforts to settle this case.

Entered:

Judge Ruben Castillo
United States District Court

Dated: April 26, 2010